ACCEPTED
15-25-00138-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/12/2025 4:09 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-25-00138**

In the Fifteenth District Court of Appeals, Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/12/2025 4:09:02 PM
CHRISTOPHER A. PRINE
Clerk

SHAMAR D. BRADLEY,
*Appellant,*

V.

TEXAS OFFICE OF THE ATTORNEY GENERAL AND TEXAS DEPARTMENT OF
INFORMATION RESOURCES,
*Appellees.*

On Appeal from the 261st District Court of Travis County, Texas
The Honorable Sherine Thomas, Assigned

**BRIEF OF APPELLEE
OFFICE OF THE ATTORNEY GENERAL OF TEXAS**

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney
General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law
Division

ROSALIND L. HUNT
State Bar No. 24067108
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4166
Facsimile: (512) 320-0167
Rosalind.Hunt@oag.texas.gov

ATTORNEYS FOR APPELLEE
OFFICE OF THE ATTORNEY GENERAL OF
TEXAS

ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

Table of Contents ...................................................................................ii

Index of Authorities...............................................................................iv

Statement of the Case ...........................................................................vi

Statement on Oral Argument ..............................................................vii

Issue Presented ....................................................................................vii

    1.     Bradley did not seek injunctive relief against the OAG, only DIR. The trial court was correct to deny the motion for a temporary injunction as to the OAG. .........................................vii

Statement of Facts ..................................................................................1

    I.     Objection to Bradley's unsupported procedural history and statement of facts.................................................................................1

    II.    Bradley files a second whistleblower lawsuit against his former employer, DIR .................................................................1

    III.   Bradley sues the OAG based on open records grievances Bradley has with other governmental entities. ..........................2

    IV.   Bradley requests a temporary injunction against DIR, not the OAG....................................................................................3

Standards of Review................................................................................3

Summary of the Argument ......................................................................4

Argument...................................................................................................5

    I.     Bradley did not request injunctive relief from the OAG in his petition. .................................................................................5

    II.    In any case, Bradley does not have standing to seek reinstatement of his employment from OAG, who was not his employer. .................................................................................6

Conclusion & Prayer ..............................................................8

Certificate of Compliance.......................................................10

Certificate of Service ............................................................11

# INDEX OF AUTHORITIES

**Cases**

*Butnaru v. Ford Motor Co.,*
 84 S.W.3d 198 (Tex. 2002) ....................................................................3

*Heckman v. Williamson Cty.,*
 369 S.W.3d 137 (Tex. 2012) ..............................................................6, 7

*Huynh v. Blanchard,*
 694 S.W.3d 648 (Tex. 2024) ................................................................4

*Meyers v. JDC/Firethorne, Ltd.,*
 548 S.W.3d 477 (Tex. 2018) ................................................................7

*RWI Constr., Inc. v. Comerica Bank,*
 583 S.W.3d 269 (Tex. App.—Dallas 2019, no pet.)............................4

*Simon v. E. Kentucky Welfare Rights Org.,*
 426 U.S. 26 (1976) ................................................................................7

*Sneed v. Webre,*
 465 S.W.3d 169 (Tex. 2015) ................................................................6

*State v. Zurawski,*
 690 S.W.3d 644 (Tex. 2024) ............................................................6, 7

*Tchernowitz v. The Gardens at Clearwater,*
 04-15-00716-CV, 2016 WL 6247008 (Tex. App.—San Antonio
 Oct. 26, 2016, no pet.) ..........................................................................1

*Tex. Dep't of Parks & Wildlife v. Miranda,*
 133 S.W.3d 217 (Tex. 2004) ................................................................4

*Tex. Natural Res. Conservation Comm'n v. IT–Davy,*
 74 S.W.3d 849 (Tex. 2002) ..................................................................4

**Statutes**

Tex. Gov't Code § 554.002 ......................................................................7

Tex. Gov't Code § 554.002(b)(1)-(2) ..........................................................2

Tex. Gov't Code § 554.003 ........................................................................8

Tex. Labor Code § 21.258 .........................................................................7

**Rules**

Tex. R. App. P. 38.1(g) .............................................................................1

Tex. R. Civ. P. 682 ...................................................................................5

# STATEMENT OF THE CASE

*Nature of the Case:*    Appellant Shamar D. Bradley (Bradley), a former Department of Information Resources (DIR) employee, filed a petition for writ of mandamus against DIR and the Office of the Attorney General of Texas (OAG), based on alleged whistle-blower, open records, and criminal violations. C.R. 3–81. Bradley also requested injunctive relief seeking reinstatement to his former position or an equivalent position at DIR, but sought no injunctive relief against the OAG. C.R. 81.

*Trial Court:*    The Honorable Judge Sherine Thomas, sitting in the 353rd Judicial District Court, Travis County, Texas.

*Trial Court Disposition:*    After a hearing on Bradley's motion for a temporary injunction, the trial court denied the request on August 13, 2025. C.R. 877. This interlocutory appeal followed. C.R. 874.

## STATEMENT ON ORAL ARGUMENT

Oral argument is not requested because this is a simple case involving settled principles of law.

## ISSUE PRESENTED

1.    Bradley did not seek injunctive relief against the OAG, only DIR. The trial court was correct to deny the motion for a temporary injunction as to the OAG.

**STATEMENT OF FACTS**

## I.   Objection to Bradley's unsupported procedural history and statement of facts.

The OAG objects to each statement in Bradley's procedural history and statement of facts because the purported facts are not supported by any record references. Bradley Br. 2–10; *see* Tex. R. App. P. 38.1(g) (the statement of facts "must be supported by records references."). "When an appellant fails to cite applicable authority, fails to provide relevant citations to the record, or fails to provide substantive analysis for an issue presented in the brief, nothing is presented for our review." *Tchernowitz v. The Gardens at Clearwater*, 04-15-00716-CV, 2016 WL 6247008, at *1 (Tex. App.—San Antonio Oct. 26, 2016, no pet.). As a consequence of not providing citations to the record, Bradley has not presented any facts for the Court to review.

## II.   Bradley files a second whistleblower lawsuit against his former employer, DIR.

Shamar Bradley is a former employee of the Department of Information Resources. C.R. 54, ¶19. After his employment was terminated by DIR, Bradley filed a whistleblower suit against DIR. C.R. 850. Bradley's suit was dismissed with prejudice because he did not report his concerns to an appropriate law enforcement authority. *Id.*; *see*

Tex. Gov't Code § 554.002(b)(1)-(2) (reporting requirement under retaliation law).

Bradley filed a new suit against DIR and the Office of the Attorney General for a writ of mandamus on February 24, 2025. C.R. 3–81. In his petition, Bradley alleges he is a former employee of the DIR and was fired because he reported criminal conduct. C.R. 55–63. Essentially, Bradley reasserts the whistleblower claims against DIR and adds new criminal allegations under the Texas Penal Code. C.R. 3–81. He also requests injunctive relief and damages in his prayer. C.R. 81. The injunctive relief included immediate reinstatement to his former position or equivalent, compensation for lost wages during the period of termination, restoration of fringe benefits lost because of the termination, an audit of the agency, and a civil penalty against the employees responsible for the alleged retaliation. *Id.*

## III. Bradley sues the OAG based on open records grievances Bradley has with other governmental entities.

Bradley sent numerous open records requests to various governmental bodies (C.R. 101–107, Exhibit C–CAO4), including another former employer, the City of San Antonio (C.R. 53, ¶5), and the Manor Police Department, who arrested him on November 18, 2022 (C.R. 65–

66). Bradley sued the OAG based on open records grievances Bradley has with the City of San Antonio and the Manor Police Department. C.R. 66–80. Bradley alleged that the OAG failed to promptly render open records decisions under the PIA, Texas Government Code section 552.130(d), in response to his complaint and to letter ruling requests from the City of San Antonio and the Manor Police Department. *Id.*

## IV. Bradley requests a temporary injunction against DIR, not the OAG.

Bradley filed a motion for injunctive relief on June 26, 2025. C.R. 1418. Bradley sought reinstatement to his former or equivalent position with DIR under Texas Government Code 554.003. C.R. 81. Defendants DIR and OAG jointly filed a response to Bradley's request for declaratory relief. C.R. 848–62. After a hearing on Bradley's motion and Defendants' response, the trial court denied the temporary injunction. C.R. 877. Bradley filed this interlocutory appeal on the same day. C.R. 874.

## STANDARDS OF REVIEW

Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion. *Id.*; *RWI*

*Constr., Inc. v. Comerica Bank*, 583 S.W.3d 269, 274 (Tex. App.—Dallas 2019, no pet.). In reviewing the trial court's decision, reviewing courts draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. *Id.* When the trial court considers conflicting evidence, there can be no abuse of discretion. *Id.* However, the trial court abuses its discretion when it misapplies the law to established facts or when the evidence does not reasonably support the trial court's determination of the existence of probable injury or probable right of recovery. *Id.* at 274–75; *Huynh v. Blanchard*, 694 S.W.3d 648, 674 (Tex. 2024).

Whether a court has subject matter jurisdiction is a question of law reviewed *de novo. Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

## SUMMARY OF THE ARGUMENT

The Court should affirm the trial court's order denying Bradley's request for injunctive relief. Bradley did not seek injunctive relief against the OAG, only DIR. And rightly so. Bradley is a former employee of DIR. Through a temporary injunction, Bradley sought reinstatement to his

former position at DIR. C.R. 54, ¶19; C.R. 81. None of this relief is redressable by any action of the OAG, who was not Bradley's employer. In any event, Bradley lacks standing to seek reinstatement of his employment with DIR from the OAG. The trial court correctly denied the motion for a temporary injunction against the OAG. This Court should affirm the trial court order.

## ARGUMENT

**I.   Bradley did not request injunctive relief from the OAG in his petition.**

The trial court correctly denied the request for injunctive relief against the OAG because Bradley did not plead or apply for injunctive relief from the OAG. *See* C.R. 81; Tex. R. Civ. P. 682 ("No writ of injunction shall be granted unless the applicant therefor shall present his petition to the judge verified by his affidavit and containing a plain and intelligible statement of the grounds for such relief."). In Bradley's petition, he sought reinstatement to his former or equivalent position with DIR. C.R. 81.  Bradley only requested injunctive relief from DIR, not from the OAG.

**II. In any case, Bradley does not have standing to seek reinstatement of his employment from OAG, who was not his employer.**

Bradley lacks standing to seek reinstatement of his employment from the OAG, who was not Bradley's employer. Courts lack jurisdiction to hear a claim brought by a plaintiff who lacks standing to assert it. *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). The general test for standing in Texas requires a concrete injury to the plaintiff and a real controversy between the parties that the requested relief will resolve. *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015). "In other words, to have standing, a plaintiff must allege a concrete personal injury that is both traceable to the defendant's conduct and likely redressable by the requested relief." *State v. Zurawski*, 690 S.W.3d 644, 657 (Tex. 2024). Each party must establish standing to bring each of its claims, meaning courts assess standing "claim by claim." *Heckman*, 369 S.W.3d at 150.

Bradley lacks standing because his alleged injury is not traceable to any conduct of the OAG and is not redressable by the requested relief. The requirement of traceability ensures that a "court act only to redress injury that fairly can be traced to the challenged action of the defendant,

and not injury that results from the independent action of some third party not before the court." *Heckman*, 369 S.W.3d at 155 (quoting *Simon v. E. Kentucky Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976)).

"'Redressability' means that 'there is a substantial likelihood that the requested relief will remedy the alleged injury.'" *Zurawski*, 690 S.W.3d at 660 (quoting *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 485 (Tex. 2018)). First, his whistleblower grievances are not fairly traceable to any actions of the OAG. The OAG was not Bradley's employer and did not terminate his employment. Second, the requested injunctive relief, reinstating Bradley to his former position, cannot be performed by the OAG. The OAG has no power to reinstate Bradley to his previous position with DIR. The requested injunctive relief against the OAG, if granted, would not remedy Bradley's alleged injury.

Likewise, the statutory injunction provisions Bradley relies on can only be brought against an *employer* based on unlawful employment practices. *See* Tex. Labor Code § 21.258 (Texas Commission on Human Rights Act injunction); Tex. Gov't Code § 554.002 ("A state or local governmental entity may not suspend or terminate the employment of . . . a public employee who in good faith reports a violation of law by the

employing governmental entity…"), Tex. Gov't Code § 554.003 (Injunction). The OAG was not Bradley's employer and cannot remedy Bradley's alleged injury. The trial court did not abuse its discretion in denying Bradley's request for a temporary injunction against the OAG, and this Court should affirm the trial court's order.

## CONCLUSION & PRAYER

Appellee Office of the Attorney General of Texas respectfully requests that this Court affirm the trial court's order as to the OAG in all respects. Appellee requests any such other and further relief to which it shows itself entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

AUSTIN KINGHORN
Deputy Attorney General for Civil
Litigation

ERNEST C. GARCIA
Chief, Administrative Law Division

*/s/Rosalind L. Hunt*
ROSALIND L. HUNT
State Bar No. 24067108
Assistant Attorney General
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4166
Facsimile: (512) 320-0167
Rosalind.Hunt@oag.texas.gov

ATTORNEYS FOR APPELLEE OFFICE OF THE
ATTORNEY GENERAL OF TEXAS

# CERTIFICATE OF COMPLIANCE

I certify that the submitted brief complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 1,490. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word for Office 365.

Date: November 12, 2025.

*/s/Rosalind L. Hunt*
Rosalind L. Hunt
ATTORNEY FOR APPELLEE OFFICE OF
THE ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, a true and correct copy of the above and foregoing document has been served to the following attorneys of record via electronic service and/or electronic mail:

Shamar D. Bradley
10109 Lake Creek Parkway, # 170682
Austin, Texas 78117
Tel.: (210) 425-5464
Shamar.d.bradley@gmail.com

APPELLANT PRO SE

Denver Burris
Assistant Attorney General
Texas State Bar No. 24138940
OFFICE OF THE ATTORNEY GENERAL OF TEXAS
GENERAL LITIGATION DIVISION
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 475-4105
Denver.Burris@oag.texas.gov

ATTORNEY FOR APPELLEE
TEXAS DEPARTMENT OF INFORMATION RESOURCES

*/s/Rosalind L. Hunt*
Rosalind L. Hunt
ATTORNEYS FOR APPELLEE TEXAS
OFFICE OF THE ATTORNEY GENERAL

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jennifer Foster on behalf of Rosalind Hunt
Bar No. 24067108
jennifer.foster@oag.texas.gov
Envelope ID: 107975157
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: OAG Appellee Brief
Status as of 11/12/2025 4:13 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 11/12/2025 4:09:02 PM | SENT |
| Rosalind Hunt | | ROSALIND.HUNT@OAG.TEXAS.GOV | 11/12/2025 4:09:02 PM | SENT |
| Denver Burris | | denver.burris@oag.texas.gov | 11/12/2025 4:09:02 PM | SENT |
| Josh Godbey | | JOSH.GODBEY@OAG.TEXAS.GOV | 11/12/2025 4:09:02 PM | ERROR |

Associated Case Party: SHAMARD.BRADLEY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Shamar D.Bradley | | shamar.d.bradley@gmail.com | 11/12/2025 4:09:02 PM | SENT |